## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAELA CARTER; : | |
| CAMERON TAYLOR : | |
| COURTNEY TAYLOR : | |
| And CONNOR McVAY : | |
|     Plaintiff, : | |
| : | |
| v. : | C.A. No. |
| : | |
| UNITED STATES OF AMERICA; : | |
| JOHN and/or JANE DOE, M.D., Alias; and : | |
| JOHN DOE CORPORATION, Alias, : | |
|     Defendants. : | |

## COMPLAINT

### PARTIES

1. Michaela Carter is a citizen and resident of Richmond, Rhode Island and of the United States of America. She brings this claim individually.

2. Plaintiff Cameron Taylor is the daughter of Michaela Carter and is a citizen and resident of the State of Rhode Island. She brings this action individually.

3. Plaintiff Courtney Taylor is the daughter of Michaela Carter and is a citizen and resident of the State of Rhode Island. She brings this action individually.

4. Plaintiff Connor McVay is the son of Michaela Carter and is a citizen and resident of the State of Florida. He brings this action individually.

5. Defendant United States of America is the party being sued on behalf of Wood River Health Services, Inc., a federally qualified health care center.

6. Defendants John and/or Jane Doe, M.D., Alias, are citizens and residents of the State of Rhode Island. The true names of defendants are unknown to plaintiffs who consequently sue such defendants by said fictitious names. Plaintiffs will seek leave to amend their Complaint to state the true names of defendants John and Jane Doe, M.D., Alias, when such have been ascertained.

1

7. Defendant John Doe Corporation, Alias, upon information and belief is a corporation existing under the laws of the State of Rhode Island with a principal place of business herein. The true name of the defendant Corporation is unknown to plaintiffs who consequently sue such defendant by said fictitious name. Plaintiffs will seek leave to amend their Complaint to state the true name of defendant John Doe Corporation, Alias when such has been ascertained.

**VENUE AND JURISDICTION**

8. This Court has jurisdiction over this action as it is a civil claim against the United States for damages under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, and jurisdiction over such claims is conferred on this Court by 28 U.S.C. § 1346.

9. Venue is proper under 28 U.S.C. § 1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the District of Rhode Island. Additionally, plaintiff resides in Rhode Island and brings this complaint in the United States District Court where they reside.

10. The above action is proper as the plaintiff properly presented the claims that are the subject of this lawsuit to the administrative agency as required by 28 U.S.C. §§ 2401(b) and 2675 by mail on June 5, 2020. More than six months have passed since the date of presentment without final disposition of the claim, and this action is therefore proper. 28 U.S.C. § 2675(a).

**FACTS**

11. On March 24, 2016, Ms. Carter presented as a new patient to Wood River Health Services, Inc. in Rhode Island.

12. On May 5, 2016, Ms. Carter had a mammogram which indicated no dominant mass or suspicious calcification or second sign of malignancy seen in either breast.

13.     On December 7, 2017, Ms. Carter returned to Wood River Health Services, Inc. for "chronic conditions and insomnia." One of the chronic conditions was noted to be a "painful lump on right armpit." Ms. Carter's medical record does not reflect that the right armpit lump was ever examined. A bilateral screening mammogram was ordered and performed on the same day.

14.     The December 7, 2017 bilateral mammogram read, in part, "No dominant mass or suspicious calcification or secondary sign of malignancy is seen in either breast. There is no significant change in comparison to previous studies. No radiographic evidence of malignancy …" In the section labeled HISTORY, the exam is noted to be routine and "No current breast complaints."

15.     On November 5, 2019 Ms. Carter returned to Wood River Health Services, Inc. for a painful lump in the right armpit. In the review of systems, it was noted that Ms. Carter reporter, "Breast lump to right upper quadrant noted. painful and tender to touch." A diagnostic mammogram and ultrasound were ordered. The breast ultrasound was ordered to be "unilat, real time with image document, incl axilla when performed, complete to be performed."

16.     On November 15, 2019, Ms. Carter's mammogram showed a spiculated mass in the axillary region of right MLO imaging. There was distortion of the surrounding tissue. Sonographic assessment of the right axilla demonstrated a poorly defined hypoechoic nodule seen superficially within the axilla that measured 1.4 x 1.1 cm. A small lymph node measuring 8 x 79 mm with a round appearance was noted. The findings were "worrisome" and consistent with neoplasm until proven otherwise. An US-guided biopsy was recommended.

17. A biopsy was performed on November 22, 2019 and revealed a high-grade carcinoma described as a high-grade baseloid carcinoma with features most consistent with an adenoid cystic carcinoma, ER-PR-HER2-. There were focal squamous metaplastic changes.

18. The pathology was reviewed at Brigham and Women's Hospital by Dr. Susan Lester and was consistent with triple negative breast cancer.

19. On January 9, 2020 a pathology report for a core biopsy of the right transverse process stated that the specimen was consistent with metastatic high-grade basaloid carcinoma. The tumor was "morphologically and immunophenotypically similar to tumor in biopsy from right axilla."

20. Ms. Carter has been and remains on atezolizumab and Abraxane. It was discussed with her that her care was palliative, not curative.

<u>COUNT I</u>
<u>NEGLIGENCE</u>
<u>UNITED STATES OF AMERICA</u>

1. Plaintiffs hereby incorporate Paragraphs 1 through 20 as if fully set forth at length herein.

2. On or about March 2016 and thereafter, Wood River Health Services, Inc., a federally funded health care center, by and through its agents, actors and employees, undertook for valuable consideration to diagnose, treat, and care for Michaela Carter.

3. It then and there became and was the duty of defendant United States of America, by and through its agents, actors and employees, to exercise ordinary care in the diagnosis, treatment and care of Ms. Carter.

4. Nevertheless, defendant disregarded its duty as aforesaid and failed to exercise said degree of diligence and skill in that it failed to properly diagnose and failed to

4

render adequate, proper, and necessary treatment to Michaela Carter and was otherwise negligent in its diagnosis, treatment, and care of her.

5. As a direct and proximate result of the defendant's negligence, Michaela Carter suffered severe and permanent injuries to her mind and body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering and emotional distress, has been and will in the future be unable to perform her usual activities, has suffered a loss of wages and loss of earning capacity, and will suffer loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

6. By reason of the foregoing, plaintiff has incurred expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

7. By reason of the foregoing, plaintiffs, Cameron Taylor, Courtney Taylor and Connor McVay, have been and will continue to be deprived of parental society and companionship of their mother Michaela Carter.

8. As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Michaela Carter suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence, they were not discoverable until she was diagnosed with metastatic high-grade basaloid carcinoma in January of 2020.

WHEREFORE, plaintiffs demand judgment against defendant United States of America in an amount sufficient to establish the jurisdiction of this Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

## COUNT II
## LACK OF INFORMED CONSENT
## UNITED STATES OF AMERICA

1.      Paragraphs 1 through 20 and Count I are hereby incorporated by reference as if set forth fully at length herein.

2.      It then and there became the duty of defendant United States of America, no emergency existing, to inform Michaela Carter of the risks of harm attendant to the treatment and care it proposed to administer to and perform upon her so that she could give her informed consent to such treatment. It also then and there became the duty of defendant to obtain her informed consent before proceeding with said treatment and care.

3.      Nevertheless, defendant disregarded its duty as aforesaid and failed to inform Michaela Carter of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained her informed consent.

4.      If defendant had informed Michaela Carter of the risks of harm attendant to the treatment and care in question, including, but not limited to, the risk of her suffering those injuries from which she suffered as a direct result of defendant's performance of the treatment and care in question, she would have refused to consent to the performance of said treatment and care.

5.      As a direct and proximate result of the defendant's negligence, Michaela Carter suffered severe and permanent injuries to her mind and body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering and emotional distress, has been and will in the future be unable to perform her usual activities, has suffered a loss of wages and loss of earning capacity, and will suffer loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

6. By reason of the foregoing, plaintiff has incurred expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

7. By reason of the foregoing, plaintiffs, Cameron Taylor, Courtney Taylor and Connor McVay, have been and will continue to be deprived of parental society and companionship of their mother Michaela Carter.

8. As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Michaela Carter suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence, they were not discoverable until she was diagnosed with metastatic high-grade basaloid carcinoma in January of 2020.

WHEREFORE, plaintiffs demand judgment against defendant United States of America in an amount sufficient to establish the jurisdiction of this Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

## COUNT III
## CORPORATE LIABILITY
## UNITED STATES OF AMERICA

1. Paragraphs 1 through 20 and Counts I and II are hereby incorporated by reference as if set forth fully at length herein.

2. It then and there became and was the duty of defendant United States of America to provide quality medical care to Michaela Carter, to protect her safety, to protect her from incompetent and/or negligent treatment, to ensure that those providing care and treatment within its walls were properly credentialed, and to otherwise exercise reasonable care for her protection and well-being

3. Nevertheless, defendant negligently disregarded its duty as aforesaid and/or failed to promulgate and enforce policies and procedures to ensure the delivery of ordinary medical care, and/or otherwise failed to discharge its responsibilities as a medical provider to Michaela Carter.

4. As a direct and proximate result of the defendant's negligence, Michaela Carter suffered severe and permanent injuries to her mind and body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering and emotional distress, has been and will in the future be unable to perform her usual activities, has suffered a loss of wages and loss of earning capacity, and will suffer loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

5. By reason of the foregoing, plaintiff has incurred expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

6. By reason of the foregoing, plaintiffs, Cameron Taylor, Courtney Taylor and Connor McVay, have been and will continue to be deprived of parental society and companionship of their mother Michaela Carter.

7. As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Michaela Carter suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence, they were not discoverable until she was diagnosed with metastatic high-grade basaloid carcinoma in January of 2020.

WHEREFORE, plaintiffs demand judgment against defendant United States of America in an amount sufficient to establish the jurisdiction of this Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

### COUNT IV
### VICARIOUS LIABILITY
### UNITED STATES OF AMERICA

1. Paragraphs 1 through 20 and Counts I through III are hereby incorporated by reference as if fully set forth at length herein.

2. Wood River Health Services, Inc. health care providers in Rhode Island who treated the Michaela Carter, were employees, agents, apparent agents and/or servants of the Wood River Health Services, Inc. and were acting within the scope of their employment at all times relevant hereto.

3. Defendant was at all relevant times vicariously responsible for the acts of its agents and servants, including, but not limited to, the acts of Wood River Health Services, Inc. health care providers as set forth above.

4. As a direct and proximate result of the defendant's negligence, Michaela Carter suffered severe and permanent injuries to her mind and body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering and emotional distress, has been and will in the future be unable to perform her usual activities, has suffered a loss of wages and loss of earning capacity, and will suffer loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

5. By reason of the foregoing, plaintiff has incurred expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

6. By reason of the foregoing, plaintiffs, Cameron Taylor, Courtney Taylor and Connor McVay, have been and will continue to be deprived of parental society and companionship of their mother Michaela Carter.

9

7.      As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Michaela Carter suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence, they were not discoverable until she was diagnosed with metastatic high-grade basaloid carcinoma in January of 2020.

WHEREFORE, plaintiffs demand judgment against defendant United States of America in an amount sufficient to establish the jurisdiction of this Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

## COUNT V
## NEGLIGENCE
## JOHN AND/OR JANE DOE, M.D., ALIAS

1.      Plaintiff hereby incorporates Paragraphs 1 through 20 as if fully set forth at length herein.

2.      On or about March 2016, defendant John and/or Jane Doe, M.D., Alias undertook for valuable consideration to diagnose, treat, and care for Michaela Carter.

3.      It then and there became and was the duty of the defendant to exercise that degree of diligence and skill required of the average physician engaged in the practice of medicine.

4.      Nevertheless, defendant disregarded his/her duty as aforesaid and failed to exercise said degree of diligence and skill in that he/she failed to properly diagnose and failed to render adequate, proper, and necessary treatment to Michaela Carter and was otherwise negligent in his/her diagnosis, treatment, and care of her.

5.      As a direct and proximate result of the defendant's negligence, Michaela Carter suffered severe and permanent injuries to her mind and body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering and

emotional distress, has been and will in the future be unable to perform her usual activities, has suffered a loss of wages and loss of earning capacity, and will suffer loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

6. By reason of the foregoing, plaintiff has incurred expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

7. By reason of the foregoing, plaintiffs, Cameron Taylor, Courtney Taylor and Connor McVay, have been and will continue to be deprived of parental society and companionship of their mother Michaela Carter.

8. As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Michaela Carter suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence, they were not discoverable until she was diagnosed with metastatic high-grade basaloid carcinoma in January of 2020.

WHEREFORE, plaintiffs demand judgment against defendant John and/or Jane Doe, M.D., Alias in an amount sufficient to establish the jurisdiction of this Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

### COUNT VI
### LACK OF INFORMED CONSENT
### JOHN AND/OR JANE DOE, M.D., ALIAS

1. Paragraphs 1 through 20 and Count V are hereby incorporated by reference as if set forth fully at length herein.

2. It then and there became the duty of defendant John and/or Jane Doe, M.D., Alias, no emergency existing, to inform Michaela Carter of the risks of harm attendant to the treatment and care he/she proposed to administer to and perform upon her so that she could give her informed consent to such treatment. It also then and there became the

duty of defendant to obtain Michaela Carter' informed consent before proceeding with said treatment and care.

3. Nevertheless, defendant disregarded his/her duty as aforesaid and failed to inform Michaela Carter of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained her informed consent.

4. If defendant had informed Michaela Carter of the risks of harm attendant to the treatment and care in question including, but not limited to, the risk of her suffering those injuries from which she suffered as a direct result of defendant's performance of the treatment and care in question, she would have refused to consent to the performance of said treatment and care.

5. As a direct and proximate result of the defendant's negligence, Michaela Carter suffered severe and permanent injuries to her mind and body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering and emotional distress, has been and will in the future be unable to perform her usual activities, has suffered a loss of wages and loss of earning capacity, and will suffer loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

6. By reason of the foregoing, plaintiff has incurred expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

7. By reason of the foregoing, plaintiffs, Cameron Taylor, Courtney Taylor and Connor McVay, have been and will continue to be deprived of parental society and companionship of their mother Michaela Carter.

8. As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Michaela Carter suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence, they were not discoverable until she was diagnosed with metastatic high-grade basaloid carcinoma in January of 2020.

WHEREFORE, plaintiffs demand judgment against defendant John and/or Jane Doe, M.D., Alias in an amount sufficient to establish the jurisdiction of this Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

## COUNT VII
### NEGLIGENCE
### JOHN DOE CORPORATION, ALIAS

1. Plaintiff hereby incorporates Paragraphs 1 through 20 as if fully set forth at length herein.

2. On or about March 2016, John Doe Corporation, Alias, by and through its agents, actors and employees, undertook for valuable consideration to diagnose, treat, and care for Michaela Carter.

3. It then and there became and was the duty of the defendant, by and through its agents, actors and employees, to exercise ordinary care in the diagnosis, treatment and care of Ms. Carter.

4. Nevertheless, defendant disregarded its duty as aforesaid and failed to exercise said degree of diligence and skill in that it failed to properly diagnose and failed to render adequate, proper, and necessary treatment to Michaela Carter and was otherwise negligent in its diagnosis, treatment, and care of her.

5. As a direct and proximate result of the defendant's negligence, Michaela Carter suffered severe and permanent injuries to her mind and body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering and emotional distress, has been and will in the future be unable to perform her usual activities, has suffered a loss of wages and loss of earning capacity, and will suffer loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

6. By reason of the foregoing, plaintiff has incurred expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

7. By reason of the foregoing, plaintiffs, Cameron Taylor, Courtney Taylor and Connor McVay, have been and will continue to be deprived of parental society and companionship of their mother Michaela Carter.

8. As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Michaela Carter suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence, they were not discoverable until she was diagnosed with metastatic high-grade basaloid carcinoma in January of 2020.

WHEREFORE, plaintiffs demand judgment against defendant John Doe Corporation, Alias in an amount sufficient to establish the jurisdiction of this Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

### COUNT VIII
### LACK OF INFORMED CONSENT
### JOHN DOE CORPORATION, ALIAS

1. Paragraphs 1 through 20 and Count VII are hereby incorporated by reference as if set forth fully at length herein.

2. It then and there became the duty of defendant John Doe Corporation, Alias, no emergency existing, to inform Michaela Carter of the risks of harm attendant to the treatment and care it proposed to administer to and perform upon her so that she could give her informed consent to such treatment. It also then and there became the duty of defendant to obtain Michaela Carter' informed consent before proceeding with said treatment and care.

3. Nevertheless, defendant disregarded its duty as aforesaid and failed to inform Michaela Carter of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained her informed consent.

4. If defendant had informed Michaela Carter Plaintiff of the risks of harm attendant to the treatment and care in question including, but not limited to, the risk of her suffering those injuries from which she suffered as a direct result of defendant's performance of the treatment and care in question, she would have refused to consent to the performance of said treatment and care.

5. As a direct and proximate result of the defendant's negligence, Michaela Carter suffered severe and permanent injuries to her mind and body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering and emotional distress, has been and will in the future be unable to perform her usual activities, has suffered a loss of wages and loss of earning capacity, and will suffer loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

6. By reason of the foregoing, plaintiff has incurred expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

7. By reason of the foregoing, plaintiffs, Cameron Taylor, Courtney Taylor and Connor McVay, have been and will continue to be deprived of parental society and companionship of their mother Michaela Carter.

8. As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Michaela Carter suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence, they were not discoverable until she was diagnosed with metastatic high-grade basaloid carcinoma in January of 2020.

WHEREFORE, plaintiffs demand judgment against defendant John Doe Corporation, Alias in an amount sufficient to establish the jurisdiction of this Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

### COUNT IX
### CORPORATE LIABILITY
### JOHN DOE CORPORATION, ALIAS

1. Paragraphs 1 through 20 and Counts VII and VIII are hereby incorporated by reference as if set forth fully at length herein.

2. It then and there became and was the duty of defendant John Doe Corporation, Alias to provide quality medical care to the Michaela Carter, to protect her safety, to protect her from incompetent and/or negligent treatment, to ensure that those providing care and treatment within its walls were properly credentialed, and to otherwise exercise reasonable care for her protection and well-being.

3. Nevertheless, defendant negligently disregarded its duty as aforesaid and/or failed to promulgate and enforce policies and procedures to ensure the delivery of ordinary medical care, and/or otherwise failed to discharge its responsibilities as a medical provider to Michaela Carter.

4. As a direct and proximate result of the defendant's negligence, Michaela Carter suffered severe and permanent injuries to her mind and body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering and emotional distress, has been and will in the future be unable to perform her usual activities, has suffered a loss of wages and loss of earning capacity, and will suffer loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

5. By reason of the foregoing, plaintiff has incurred expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

6. By reason of the foregoing, plaintiffs, Cameron Taylor, Courtney Taylor and Connor McVay, have been and will continue to be deprived of parental society and companionship of their mother Michaela Carter.

7. As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Michaela Carter suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence, they were not discoverable until she was diagnosed with metastatic high-grade basaloid carcinoma in January of 2020.

WHEREFORE, plaintiffs demand judgment against defendant John Doe Corporation, Alias in an amount sufficient to establish the jurisdiction of this Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

### COUNT X
### VICARIOUS LIABILITY
### JOHN DOE CORPORATION, ALIAS

1. Paragraphs 1 through 20 and Counts VII, VIII and IX are hereby incorporated by reference as if fully set forth at length herein.

2. John and/or Jane Doe, M.D., Alias was an employee, agent, apparent agent and/or servant of the defendant and was acting within the scope of his employment at all times relevant hereto.

3. Defendant was at all relevant times vicariously responsible for the acts of its agents and servants, including, but not limited to, the acts of John and/or Jane Doe, M.D., Alias as set forth above.

4. As a direct and proximate result of the defendant's negligence, Michaela Carter suffered severe and permanent injuries to her mind and body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering and emotional distress, has been and will in the future be unable to perform her usual activities, has suffered a loss of wages and loss of earning capacity, and will suffer loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.

5. By reason of the foregoing, plaintiff has incurred expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

6. By reason of the foregoing, plaintiffs, Cameron Taylor, Courtney Taylor and Connor McVay, have been and will continue to be deprived of parental society and companionship of their mother Michaela Carter.

7. As a direct and proximate result of defendant's negligence, carelessness and recklessness as aforesaid, Michaela Carter suffered severe personal injuries, pain and suffering. The injuries are such that in the exercise of reasonable diligence, they were not discoverable until she was diagnosed with metastatic high-grade basaloid carcinoma in January of 2020.

WHEREFORE, plaintiffs demand judgment against defendant John Doe Corporation, Alias in an amount sufficient to establish the jurisdiction of this Court plus interest and costs and whatever further relief this Honorable Court deems appropriate.

**PLAINTIFF PRAYS FOR TRIAL BY JURY
ON NON-FTCA CLAIMS AND DESIGNATES
AMATO DELUCA AS TRIAL ATTORNEY**

                Plaintiff,
                By her attorneys,


                /s/ Amato A. DeLuca
                Amato A. DeLuca (#0531)
                **DeLUCA & ASSOCIATES, LTD**
                199 North Main Street
                Providence, RI  02903
                (401) 453-1500
                (401) 453-1501 Fax
                bud@delucaandassociates.com

Dated: February 3, 2021