## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAELA CARTER; | : | |
| CAMERON TAYLOR | : | |
| COURTNEY TAYLOR | : | |
| And CONNOR McVAY | : | |
|    Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 1:21-cv-00059 |
| | : | |
| UNITED STATES OF AMERICA; | : | |
| JOHN and/or JANE DOE, M.D., Alias; and | : | |
| JOHN DOE CORPORATION, Alias, | : | |
|    Defendants. | : | |

### PLAINTIFFS' RENEWED MOTION TO ENFORCE SETTLEMENT AGREEEMENT
### AND FOR AWARD OF ATTORNEYS' FEES

Now come the plaintiffs, Michaela Carter, Cameron Taylor, Courtney Taylor, and Connor McVay, and renew its motion for enforcement of a settlement agreement reached between the parties to this action in Court-annexed mediation. The plaintiffs brought this medical negligence action against the United States of America (the Government) under the Federal Tort Claims Act for negligent healthcare and treatment provided by Federal employees. These negligence acts and omissions have resulted in Michaela Carter developing debilitating and terminal cancer. Because of the severity of her illness, the parties have worked since the inception of this matter to proceed in the most expeditious manner possible, in hopes of obtaining a resolution before Ms. Carter passes away from her illness. These efforts were further accommodated by the Court, which scheduled mediation on an expedited basis by referring the matter to Chief Judge John J. McConnell, Jr. to attempt to resolve this case.

That expedited and Court-annexed mediation with Chief Judge McConnell took place on June 6, 2022, over one month ago. At that mediation, the parties were able to reach an agreed-upon settlement, resolving the claims in this action. The Government then forwarded

a "Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. 2677." *Plaintiff's Exhibit 1,* Executed Stip. for Compromise. The plaintiffs executed and returned this stipulation on June 14, 2022 and June 15, 2022. *Id.* Since that time, plaintiffs' counsel has repeatedly inquired on the status of the matter with counsel for the Government. The Government's counsel has, to the knowledge of the undersigned, diligently and persistently attempted to secure final authorization and payment of the claims in this matter. Notwithstanding the prompt execution of the settlement agreement in this action on terms agreed to at a Court-annexed mediation, and the efforts of counsel for both parties, the Government has unreasonably and purposefully delayed and obstructed the settlement and resolution of this action. There is no justification for or excuse for this conduct. Plaintiff Michaela Carter's condition continues to worsen; the entire reason for prompt resolution of this matter has been her consistently deteriorating condition, which leaves her without the ability or resources to care and provide for herself. At this time, due to her condition, she is without the funds necessary to secure fuel for transportation to her own chemotherapy appointments. She is being deprived of the relief that she sought by instituting this action, and obtained via securing a settlement agreement. This Court should enforce the terms of that settlement and sanction the Government for its willful misconduct by awarding attorneys' fees for the preparation and argument of this motion.

Federal courts have the inherent power to supervise and enforce settlement agreements between parties in pending cases. *Dankese v. Defense Logistics Agency*, 693 F. 2d 13, 16 (1st Cir. 1982); *see Tremblay v. Ameriprise Fin. Servs., Inc.*, 2017 WL 3278951 at *2 (D.R.I. Apr. 5, 2017) (Rep. and Rec. of Sullivan, Mag. J.), *accepted* 2017 WL 3278856 at *1 (D.R.I. Aug. 1, 2017). Similarly, as part of their inherent powers, federal courts have the power to award

attorneys' fees against a litigant that acts in bad faith, vexatiously, wantonly, or for oppressive reasons. The circumstances present here support both forms of relief.

There is no question that a valid settlement agreement was reached in principle on June 6, 2022, and an appropriate agreement reflecting the terms agreed upon was completely executed by all Plaintiffs by June 15, 2022. Specifically, the Government's payment obligations are conditioned on four items:

1) Receipt of executed stipulation;

2) Social Security or Tax Identification Numbers of the Plaintiffs;

3) Final authorization by the Attorney General;

4) An order of dismissal from the United States District Court for the District of Rhode Island, dismissing the action in its entirety with prejudice, with each part to bear its own costs, expenses, and fees, and expressly not retaining jurisdiction over the action, this settlement, or the United States.

*Plaintiff's Ex. 1,* at 2.

It is now more than one month since the Plaintiffs executed and returned the release. The Plaintiffs have fully performed their obligations under the agreement. In the time since, there has been nothing forthcoming from the government despite repeated attempts by Plaintiff's counsel to secure compliance, and by the good faith efforts of the Government's own counsel to secure its performance of the settlement agreement's terms. There has been *no* communication from the Government as to any reason whatsoever for this unwarranted delay, especially in an action where time was specifically known, long in advance of the settlement agreement, to be of the essence. The Government's conduct operates to deny the Plaintiffs, specifically Michaela Carter, of the full benefit of their bargain—Ms. Carter deserves the settlement she bargained for before her progressing illness kills her. The Government's

refusal to engage in substance with the merits of the agreement is a textbook example of bad faith. It is obdurate and serves no purpose but to repudiate a straightforward agreement in a manner that deprives Michaela Carter of the benefits of that agreement.

The plaintiffs filed the above-referenced Motion to Enforce Settlement Agreement and for Award of Attorneys' Fees on Tuesday, July 19, 2022. The same day, the Court scheduled a remote Chambers Conference for Wednesday July 20, 2022 at 11:00 a.m.  In addition to counsel for the plaintiffs, Amato A. DeLuca, the following individuals attended the conference on behalf of the Government: Leslie J. Kane, Assistant United States Attorney, United States Attorney's Office for the District of Rhode Island, counsel of record in this action for the Government; Bethany Wong, Chief, Civil Division, United States Attorney's Office for the District of Rhode Island; James Touhey, Department of Justice (DOJ); Christopher Benson, DOJ; Meredith Torres, Department of Health and Human Services (HHS); Jennifer Gans, DOJ; and Robert Berlet, HHS.

During this conference, counsel for the plaintiffs advised the Court of the issues posed by the delayed payment of settlement funds in this action and that counsel for the Government and the Executive Branch officials from DOJ and HHS indicated that the settlement terms had received formal approval and had been forwarded to HHS for payment through that agency between the previous night of July 19, 2022 and the morning of July 20, 2022.  The Government estimated that it would take approximately an additional three weeks from the conference date, until August 8, 2022, until the payment would be made via an electronic funds transfer to plaintiffs' counsel's clients' account. Despite inquiry from the Court, the Government and its officials were unable to: 1) identify any individuals responsible for and authorized to process the payment; 2) explain why the processing would take an additional three weeks; and 3) explain why payment could not be expedited so that payment could be

4

made forthwith. The Government provided no basis for the five-week delay between counsel of record's agreement to the settlement terms reached at mediation and approval at Main Justice and referral to HHS until the time between the initial filing of this motion and the morning of the conference. As noted in the initial motion, ECF No. 23, the stipulation was executed by the Plaintiffs and communicated to the Government five weeks previously. In concluding the conference, the Court instructed the Government to provide a status update to the Court and to counsel for the Plaintiffs within twenty-four hours containing information as to who was responsible for and/or authorized to process the payment and how long it would take to be processed.

On July 21, 2022, counsel for the Government informed Plaintiffs' counsel and the Court by email that she has spoken at length with HHS personnel to expedite disbursement, and that her civil chief has also reached out to general counsel of HHS and impressed upon general counsel the importance of disbursement. The status update provided by counsel for the Government did not include the identity of any person with the authority to disburse the funds, who had the authority to expedite or direct disbursal, nor a timeframe for completion of payment. It is obvious that the Government has not only unreasonably and purposefully delayed and obstructed the settlement and resolution of this action to date, but has now withheld pertinent information requested by the Court. The refusal to comply with the Court's request has no justification and treads upon the Court's authority to conduct its business, which includes enforcement of settlement terms, and a finding that the Government has willfully and obdurately obstructed the completion of the settlement agreement.

The purpose and effect of the failure to provide the information requested by the Court is to continue to obstruct the settlement in this action and to obfuscate the identity of the Government officials responsible for this delay. Every attendee of the conference

5

confirmed that unnamed officials located with the Department of Health and Human Services and Health Resources and Services Administration were responsible for the processing of the payments now approved. The failure to identify these officials, whose public business is to effectuate the settlement agreed to and now approved by the Government, is wholly without justification. There is no reason whatsoever for this absence of information and further unwarranted delay in processing of payment in this action. Pursuant to the settlement agreement, *see Plaintiffs' Exhibit 1*, Executed Stip. for Compromise, the payment is to be done electronically, without the use of paper checks or credit card networks. The Government has had the information related to the plaintiff's bank account needed to make this payment since June 14, 2022 and June 15, 2022. The Government has offered no reason for the delay, and no reason why payment cannot be made forthwith.

This Court should grant this motion, enforce the terms of the settlement between the parties, and sanction the Government for its conduct. The Government's refusal to proceed with any of the conditions precedent to its obligation to pay is the result of willful inaction conducted in bad faith. This conduct is oppressive and deprives the Plaintiffs of the benefits secured by their agreement to settle this case. The basis for enforcing settlement is clear, as is the appropriateness of attorney's fees for the time, expense, and efforts of compelling compliance. It is further noted that this delay and the bad faith are not attributable to, and this motion does not seek, any award of sanctions against counsel for the Government. It is the belief of the undersigned that counsel for the Government has been assiduous in pressing the importance of completing the agreement upon the Government, and that despite her efforts, the Government has continued to engage in its dilatory and bad faith actions.

For the foregoing reasons, the Plaintiffs respectfully ask the Court to grant this motion, and pray for the Court to enter an Order:

1. Enforcing the settlement agreement and its terms;

2. Ordering the Government to produce for hearing in person the individual(s) responsible for the transfer of funds pursuant to the settlement agreement in this Court on a day to be established by the Court;

3. Sanctions for delay and noncompliance; and

4. Awarding attorneys' fees to the Plaintiffs for the fees, costs, and expenses of bringing this motion to enforce the settlement agreement.

Plaintiff,
By her attorneys,

/s/ Amato A. DeLuca
Amato A. DeLuca (#0531)
Katelyn M. Revens (#9078)
**DeLUCA & ASSOCIATES, LTD**
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 Fax
bud@delucaandassociates.com
kate@delucaandassociates.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAELA CARTER; | : | |
| CAMERON TAYLOR | : | |
| COURTNEY TAYLOR | : | |
| and CONNOR MCVAY | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 1:21-cv-00059-WEZS-LDA |
| | : | |
| UNITED STATES OF AMERICA; | : | |
| JOHN and/or JANE DOE, M.D., Alias; and | : | |
| JOHN DOE CORPORATION, Alias | : | |
|     Defendants. | : | |

## **CERTIFICATION**

I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants identified below and on the Notice of Electronic Filing (NEF) and that paper copies have been sent to those indicated as non-registered participants on this 21st day of July 2022.

Leslie J. Kane
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

                                              /s/ Amato A. DeLuca